# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re | : Chapter 7 |
| | : |
| COMPUTER PERSONALITIES SYSTEMS, INC., | : Bankruptcy No. 01-14231DWS |
| | : |
| Debtor. | : |

| | |
|---|---|
| LAWRENCE J. LICHTENSTEIN, Trustee, Trustee for the Estate of Computer Personalities Systems, Inc., | : Adversary No. 05-0006 |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| ASPECT COMPUTER CORPORATION, CHU-WEN TSENG, CHIEN-HO CHU aka Jonathan Chu, FREMONT BONAVENTURE, | : |
| | : |
| Defendants. | : |

# ORDER

**AND NOW**, this 4th day of May 2005, upon consideration of the Motion of Defendants Chu-Wen Tseng ("Tseng") and Fremont Bonaventure ("Fremont") (together "Movants") to Dismiss Complaint for Lack of Jurisdiction (the "Motion");[1]

---

[1] The third defendant Chien-Ho Chu ("Chu") did not join in this Motion, and the docket does not reflect an answer having been filed or an extension to answer granted on his behalf. If Chu has been properly served, Plaintiff shall forthwith take the appropriate action in light of his failure to timely respond.

**And** the basis of the Motion being two-fold: (1) this Court has no subject matter jurisdiction as the Complaint is not either a core matter or "related to" the pending bankruptcy case so as to confer jurisdiction pursuant to 28 U.S. § 1334; (2) this Court has no personal jurisdiction over Tseng and Fremont as they have no contacts with this jurisdiction;

**And** after notice and hearing;

**And** the Complaint in this matter having alleged that (1) the plaintiff Lawrence Lichtenstein, Chapter 7 trustee (the "Trustee") is a creditor of Aspect Computer Corporation ("Aspect") having secured a judgment in the amount of $1,036,912 from this Court on July 2, 2004; (2) on or about July 13, 2004 Fong Joe Hou ("Hou"),counsel to Aspect, filed UCC-1 Financing Statements ("UCC-1") to perfect a lien on Aspect's assets in favor of Tseng, the sister of Aspect's President Chu, in the county and state recording offices in New Jersey; (3) the UCC-1's were filed in connection with a purported loan by Tseng to Aspect which, based on the deposition of Hou, the Trustee alleges bears none of the hallmarks of an arm's length transaction; (4) Aspect and Tseng are residents of New Jersey; (5) Hou also filed UCC-1 Financing Statements in the county and state offices in New Jersey on behalf of Aspect, on July 13 and 14, 2005 to perfect a lien on Aspect's assets in favor of Fremont Bonaventure ("Fremont"); and (6) the Trustee believes that Fremont may be owned in whole or part by Aspect or insiders of Aspect;

**And** for the reasons stated on the record, this Court easily concluding that there is at least "related to" subject matter jurisdiction in that the collection of the judgment, which is an asset of the estate, impacts the recoveries to be provided to creditors;

**And** the Motion attaching the affidavit of Jen Wang ("Wang"), an officer of Fremont,[2] stating that (1) Fremont, a California corporation, has not and does not conduct business in the State of Pennsylvania; (2) Fremont does not own any real or personal property nor maintain any accounts of any kind in the State of Pennsylvania; (3) Fremont has no employees nor does it advertise in Pennsylvania; and (4) with respect to the security transaction at issue, all contacts and transactions took place either in California or New Jersey;

**And** Movants contending that this court has no personal jurisdiction over Tseng and Tremont because neither has any contacts with this jurisdiction;

**And** in support of that position Movants failing to address those cases that have held that where parties are properly served in accordance with Federal Rule of Bankruptcy Procedure 7004(d) authorizing nationwide service of process,[3] the bankruptcy court can exercise personal jurisdiction so long as such parties had requisite minimum contacts with the United States, Federal Fountain, Inc. v. KR Entertainment, Inc. (In re Federal Fountain,

---

[2] Notably the affidavit is silent as to Wang's position or the identity of the other officers of Fremont.

[3] I reject Movants' position that Fed.R.Bank.P. 7004(d) may not validly provide for nationwide service of process. While I agree that service of process may not be the equivalent of constitutional *in personam* jurisdiction, I have no doubt that a procedural rule (versus statute) may be the basis for authorizing service of process.

Inc.), 165 F.3d 600 (8th Cir. 1999); Owens-Illinois Inc. v. Rapid American Corp. (In re Celotex), 124 F.3d 619 (4th Cir. 1997); Enron Corp. v. Arora (In re Enron Corp.), 316 B.R. 434 (Bankr. S.D.N.Y. 2004);

**And** in Peay v. Bellsouth Medical Assistance Plan, 205 F.3d 1206 (10th Cir. 2000), the Court, while leaving open the question of whether permitted nationwide service of process could ever offend constitutional due process, providing a framework to analyze the issue before me which I adopt:

> To establish that jurisdiction does not comport with Fifth Amendment due process principles, a defendant must first demonstrate "that his liberty interests actually have been infringed." [Republic of Panama v. BCCI Holdings, 119 F.3d 935, 946 (11th Cir1997]. The burden is on the defendant to show that the exercise of jurisdiction in the chosen forum will "make litigation so gravely difficult and inconvenient that [he] unfairly is at a severe disadvantage in comparison to his opponent." Burger King Corp.[v. Rudzewicz], 471 U.S. 462, 478, 105 S.Ct. 2174 (1985)...
>
> However, as Judge Becker has pointed out, given the "practical considerations emanating from the realities of contemporary litigation, ... any constitutional due process limitations upon a federal extraterritorial (nationwide) service of process statute must be broadly defined." Oxford First Corp. v. PNC Liquidating Corp., 372 F.Supp. 191, 201 (E.D. Pa.1974). Thus, in evaluating whether the defendant has met his burden "of establishing constitutionally significant inconvenience," Republic of Panama, 119 F.3d at 946, courts should consider the following factors: (1) the extent of the defendant's contacts with the place where the action was filed; (2) the inconvenience to the defendant of having to defend in a jurisdiction other than that of his residence or place of business, including (a) the nature and extent and interstate character of the defendant's business, (b) the defendant's access to counsel, and (c) the distance from the defendant to the place where the action was brought; (3) judicial economy; (4) the probable situs of the discovery proceedings and the extent to which the discovery proceedings will take place outside the state of the defendant's residence or place of business; and (5) the nature of the regulated activity in question and the extent of impact that the defendant's activities have beyond the borders of his state of residence or business. [citation omitted]

> "We emphasize that it is only in highly unusual cases that inconvenience will rise to a level of constitutional concern." Republic of Panama, 119 F.3d at 947. Certainly, "[i]n this age of instant communication," Oxford First Corp., 372 F.Supp. at 201, and modern transportation, the burdens of litigating in a distant forum have lessened, Republic of Panama, 119 F.3d at 947-48. If a defendant successfully demonstrates that litigation in the plaintiff's chosen forum is unduly inconvenient, then "jurisdiction will comport with due process only if the federal interest in litigating the dispute in the chosen forum outweighs the burden imposed on the defendant." Republic of Panama, 119 F.3d at 948. To determine whether infringement on the defendant's liberty is justified sufficiently by government interests,
>
>> courts should examine the federal policies advanced by the statute, the relationship between nationwide service of process and the advancement of these policies, the connection between the exercise of jurisdiction in the chosen forum and the plaintiff's vindication of his federal right, and concerns of judicial efficiency and economy. Where ... Congress has provided for nationwide service of process, courts should presume that nationwide personal jurisdiction is necessary to further congressional objectives.

Id. at 1212-13 (*quoting* Republic of Panama, 119 F.3d at 948.);

**And** the Court concluding that Movants have not met their burden to prove that litigation in the Eastern District of Pennsylvania offends due process so as to deprive this Court of personal jurisdiction over them;[4]

---

[4] Indeed Movants have not even alleged that the exercise of jurisdiction in this forum will make litigation difficult or inconvenient at all, not to mention so gravely difficult and inconvenient to severely disadvantage them in comparison to the Trustee whose sole resources are drawn from the estate and thus funded from creditor recoveries. The individual defendant is from the neighboring state of New Jersey where the corporate defendant admits to having done business and presumably is susceptible to service. While Movants' counsels' easy answer was that the Trustee could proceed in state court against all defendants, it is hard to see how suit in Pennsylvania is unduly burdensome as compared to New Jersey. Moreover, where the allegations are that the Movants have conspired with Aspect to encumber its assets to obstruct collection of the judgment, the policy underpinnings of the Bankruptcy Code are served by prompt and cost-effective litigation. Creditors, including many consumers, have been injured by the Debtor. Their redress can best be
(continued...)

Adversary No. 05-0006

It is hereby **ORDERED** that the Motion is **DENIED**. Movants shall file their answer by **May 18, 2005**.

                                          DIANE WEISS SIGMUND
                                          Chief U.S. Bankruptcy Judge

Copies to:

D. Alexander Barnes, Esquire
Obermayer, Rebmann, Maxwell & Hipple LLD
1617 JFK Boulevard, 19th Floor
Philadelphia, PA  19103-4210

Jeffrey C. McCullough, Esquire
Bond & McCullough
16 North Franklin Street, Suite 300
Doylestown, PA  18901

Franklin C. Steinberg, Esquire
98 Grove Street
Somerville, NJ  08876

Dave P. Adams, Esquire
Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA  19107

Lawrence Lichtenstein, Esquire
127 The Mews
Haddonfield, NJ  08033

---

(...continued)
achieved in this court which supervises the administration of this Chapter 7 estate to achieve the statutory objective of maximum and expeditious recovery of claims.